JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Tohid Naeem,<br><br>PLAINTIFF(S)<br><br>v.<br><br>Longevity Hyperbarics, LLC, et al.,<br><br>DEFENDANT(S) | CASE NUMBER<br><br>2:24-cv-11083-PA-RAO<br><br>ORDER ON REQUEST TO PROCEED<br>*IN FORMA PAUPERIS*<br>(NON-PRISONER CASE) |

The Court has reviewed the Request to Proceed *In Forma Pauperis* (the "Request") and the documents submitted with it. On the question of indigency, the Court finds that the party who filed the Request:

☒ is not able to pay the filing fees.   ☐ is able to pay the filing fees.

☐ has not submitted enough information for the Court to tell if the filer is able to pay the filing fees. This is what is missing:


**IT IS THEREFORE ORDERED** that:

☐ The Request is GRANTED.

☐ Ruling on the Request is POSTPONED for 30 days so that the filer may provide additional information.

☐ The Request is DENIED because the filer has the ability to pay.

☒ As explained in the attached statement, the Request is DENIED because:

   ☒ The District Court lacks ☒ subject matter jurisdiction ☐ removal jurisdiction.
   ☐ The action is frivolous or malicious.
   ☐ The action fails to state a claim upon which relief may be granted.
   ☐ The action seeks monetary relief against defendant(s) immune from such relief.

**IT IS FURTHER ORDERED** that:

☐ Within 30 days of the date of this Order, the filer must do the following:


If the filer does not comply with these instructions within 30 days, this case will be DISMISSED without prejudice.

☒ As explained in the attached statement, because it is absolutely clear that the deficiencies in the complaint cannot be cured by amendment, this case is hereby DISMISSED ☒ WITHOUT PREJUDICE ☐ WITH PREJUDICE.

☐ This case is REMANDED to state court as explained in the attached statement.

January 8, 2025                                      _/s/ Percy Anderson_
_____                              _____
Date                                                        United States District Judge

CV-73 (07/22)           ORDER ON REQUEST TO PROCEED *IN FORMA PAUPERIS* (NON-PRISONER CASE)

On December 19, 2024, Plaintiff filed a Complaint and a Request to Proceed In Forma Pauperis. (ECF Nos. 1, 8.) Plaintiff claimed defamation, invasion of privacy, intentional infliction of emotional distress, and related claims. (ECF No. at 2.) He alleged subject matter jurisdiction based on both diversity of citizenship and a federal question. (Id.) On December 27, 2024, the Court dismissed the Complaint with leave to amend. (ECF No. 18.) The Court found that Plaintiff had not adequately alleged either federal question or diversity jurisdiction but granted him leave to file an Amended Complaint to establish federal subject matter jurisdiction. (Id.)

On January 7, 2025, Plaintiff filed a First Amended Complaint and another Request to Proceed In Forma Pauperis. (ECF No. 20.)  In th First Amended Complaint, Plaintiff raises claims for retaliation, abuse of process, intentional infliction of emotional distress, and invasion of privacy. (Id. at 1.) He alleges unlawful access to his personal belongings, a retaliatory campaign against him, a restraining order with improper service, defamation, intimidation, harassment, and similar misconduct. (Id. at 3.) Plaintiff alleges that the Court has subject matter jurisdiction based solely on a federal question. (Id. at 2.)

"Federal courts are courts of limited jurisdiction. . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]" Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994) (citations omitted). Plaintiff has not met this burden.

Plaintiff has not established jurisdiction merely by alleging that his civil rights or federal laws were violated. "The denomination of the[] complaint[] as [a civil rights] action[] does not alone give the district court jurisdiction to hear [it]." Franklin v. State of Or., State Welfare Division, 662 F.2d 1337, 1343 (9th Cir. 1981). Likewise, "[m]ere references to the federal Constitution, laws or treaties and mere assertions that a federal question is involved are not sufficient to confer jurisdiction." Dinneen v. Williams, 219 F.2d 428, 430 n.8 (9th Cir. 1955). Instead, "[w]e look beyond [the complaint's] characterization to the conduct on which the claim is based." Blaxland v. Commonwealth Director of Public Prosecutions, 323 F.3d 1198, 1203-04 (9th Cir. 2003).

The conduct on which the claims are based is allegedly tortious conduct by private parties. The Court does not have jurisdiction to review claims based on such conduct. See Crossman v. Leslie's Poolmart, Inc., 2014 WL 1384046, at *2 (C.D. Cal. Apr. 9, 2014) (no federal question from claims of retaliation, harassment, or intentional infliction of emotional distress); Martha v. Catania, 2019 WL 2181967, at *1 (N.D. Cal. May 10, 2019) (no federal question from claims of slander and invasion of privacy); Bayangos v. HomeAmerican Mortgage Corp., 2012 WL 12904068, at *1 (C.D. Cal. Mar. 29, 2012) (no federal question from claim of abuse of process); see also Tabares v. City of Huntington Beach, 988 F.3d 1119, 1122 (9th Cir. 2021) (the Constitution and state common law are "two distinct legal frameworks"); Franklin, 662 F.2d at 1344 ("The district court did not have subject matter jurisdiction to consider these claims of tortious conduct because they fail to allege the tortious violation of any federally protected right."). Because the First Amended Complaint does not raise a federal question, it is dismissed for lack of jurisdiction.

Finally, because it is now clear that jurisdiction is absent, the Court is without authority to grant an additional opportunity to amend. "Subject matter jurisdiction must exist as of the time the action is commenced." Morongo Band of Mission Indians v. Cal. St. Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988). "[T]he defect in the present case is one of substance — the case does not arise under federal law. The district court, therefore, ha[s] no power to grant [Plaintiff] leave to amend [his] complaint." Id. at 1380 n.3. Thus, the First Amended Complaint is dismissed without further leave to amend, and the action is dismissed without prejudice for lack of jurisdiction.

*(attach additional pages if necessary)*